IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | 1:20CR342 |
| v. | : | |
| | : | |
| ROSALVA NEGRETE-TOLEDO | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and the defendant, ROSALVA NEGRETE-TOLEDO, in her own person and through her attorney, John A. Duberstein, and state as follows:

1.      The defendant, ROSALVA NEGRETE-TOLEDO, is presently under Indictment in case number 1:20CR342, which charges her in Count One with a violation of Title 18, United States Code, Section 1015(f), in Count Two with a violation of Title 18, United States Code, Section 911, and in Counts Three and Four with violations of Title 18, United States Code, Section 611(a).

2.      The defendant, ROSALVA NEGRETE-TOLEDO, will enter a voluntary plea of guilty to Court Four of the Indictment herein.  The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to her by her attorney.

a. The defendant, ROSALVA NEGRETE-TOLEDO, understands that the maximum term of imprisonment provided by law for Count Four of the Indictment herein is not more than one year, and the maximum fine for the Indictment herein is $100,000. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, ROSALVA NEGRETE-TOLEDO, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

b. The defendant, ROSALVA NEGRETE-TOLEDO, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than one year after imprisonment pursuant to Title 18, United States Code, Section 3583.

c. The defendant, ROSALVA NEGRETE-TOLEDO, further understands that the sentence to be imposed upon her is within the discretion of the sentencing court subject to the statutory maximum penalties set forth

above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

d. The defendant, ROSALVA NEGRETE-TOLEDO, understands that if she is not a citizen of the United States that entering a plea of guilty to Count Four may have adverse consequences with respect to her immigration status. Under federal law, the offense to which defendant is pleading guilty may be a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant, ROSALVA NEGRETE-TOLEDO, understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant, ROSALVA NEGRETE-TOLEDO, having been apprised of possible immigration consequences resulting from her guilty

3

plea, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences that might result from her guilty plea, even if such consequence might include automatic removal and possibly permanent exclusion from the United States or the inability in the future to obtain status as a citizen of the United States.

3. By voluntarily pleading guilty to Count Four of the Indictment herein, the defendant, ROSALVA NEGRETE-TOLEDO, knowingly waives and gives up her constitutional rights to plead not guilty, to compel the United States to prove her guilt beyond a reasonable doubt, not to be compelled to incriminate herself, to confront and cross-examine the witnesses against her, to have a jury or judge determine her guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, ROSALVA NEGRETE-TOLEDO, is going to plead guilty to Count Four of the Indictment herein because she is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, ROSALVA NEGRETE-TOLEDO, to Count Four of the Indictment herein and the defendant (i) providing proof to the government that she has

4

removed her name or de-registered from the North Carolina voter rolls and (ii) surrendering to the government her voter registration card and other documentation of registration, if any, provided to him by the board of elections, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the remaining counts of the Indictment.

b. The defendant, ROSALVA NEGRETE-TOLEDO, entirely waives her right to a direct appeal of her conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the defendant, ROSALVA NEGRETE-TOLEDO, may file a direct appeal of her sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; or (3) the government appeals the sentence.

c. The defendant, ROSALVA NEGRETE-TOLEDO, entirely waives her right to collaterally attack her conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exceptions are that the defendant, ROSALVA NEGRETE-TOLEDO, may collaterally attack her conviction and sentence if: (1) the court

enters a sentence above the statutory maximum; (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; (3) the claim is based on ineffective assistance of counsel; or (4) the claim is based on prosecutorial misconduct not known to the defendant at the time of her guilty plea.

d.      Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings.   The defendant, ROSALVA NEGRETE-TOLEDO, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings.   If the defendant, ROSALVA NEGRETE-TOLEDO, pleads guilty and later seeks to withdraw her guilty plea (or seeks to directly appeal or collaterally attack her conviction), any statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

e.      The defendant, ROSALVA NEGRETE-TOLEDO, waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority

6

of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

f. The defendant, ROSALVA NEGRETE-TOLEDO, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of the plea agreement. The defendant, ROSALVA NEGRETE-TOLEDO, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

6. The defendant, ROSALVA NEGRETE-TOLEDO, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

7. The defendant, ROSALVA NEGRETE-TOLEDO, agrees that her debt resulting from the criminal monetary penalties due under the criminal

7

judgment will be submitted to the Treasury Offset Program even if she is current in her payments under any Court imposed payment schedule.

8.      It is further understood that the United States and the defendant, ROSALVA NEGRETE-TOLEDO, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9.      The defendant, ROSALVA NEGRETE-TOLEDO, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $25 for each offense to which she is pleading guilty.   This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court.   If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

10.     No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

8

This the 2d day of November , 2020.


MATTHEW G.T. MARTIN
United States Attorney

JOHN A. DUBERSTEIN
Attorney for Defendant


MATTHEW G.T. MARTIN
NCSB #32814
United States Attorney
101 S. Edgeworth Street, 4th Floor
Greensboro, NC   27401
336/333-5351

ROSALVA NEGRETE-TOLEDO
Defendant

/S/ CTB